UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROLANDO BERNALES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCE BANCORP., et al.,<br><br>Defendants. | Case No: C 09-2746 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND INTERVENORS' MOTION TO EXPUNGE LIS PENDENS**<br><br>Docket Nos. 4 and 8 |

The parties are presently before the Court on: (1) Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6); and (2) Intervenors Kevin Cullinane and Lisa Cullinane's Motion to Expunge Notice of Pending Action (Lis Pendens). The motions are unopposed. Having read and considered the papers submitted in connection with these matters, and being fully informed, the Court hereby GRANTS both motions for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates these motions without oral argument.

I.  **BACKGROUND**

On October 19, 2001, Plaintiff purchased a home located at 271 Del Norte Drive, San Bruno, California ("the Property"). (Compl. ¶ 13.) On or about May 18, 2006, Plaintiffs obtained an adjustable rate purchase money loan on the Property in the amount of $732,000, at an initial "teaser" interest rate of 1%. (Id. ¶¶ 17, 21.) At an unspecified point in time, Plaintiffs fell behind on their mortgage payments, and thereafter on March 3, 2009, Defendants commenced foreclosure proceedings. (Id. ¶ 26.)

On May 15, 2009, Plaintiffs filed the instant action in San Mateo County Superior Court against various defendants involved in the allegedly improper mortgage transaction. (Notice of Removal Ex. 1.) On the same date, Plaintiffs filed a Notice of Pending Action (also referred to as a "lis pendens") on the Property. (Id. ¶ 2.) Defendants Mortgage Electronic Registration Systems,

1   Inc. ("MERS") and JP Morgan Chase Bank N.A. ("JPMorgan"), as the acquirer of certain assets
2   and liabilities of Washington Mutual Bank, removed the action to this Court on June 19, 2009, on
3   the ground that the Complaint alleged federal claims under the Real Estate Settlement Procedures
4   Act and the Fair Debt Collection Practices Act.  See 28 U.S.C §§ 1331, 1441(a).

5        In the meantime, on June 9, 2009, Intervenors Kevin and Lisa Cullinane ("Intervenors")
6   purchased the Property at a Trustee's Sale (i.e., foreclosure) and perfected title to the Property on
7   June 22, 2009.  (K. Cullilane Decl. ¶¶ 2-3.)  Intervenors.  (Id. ¶ 3.)

8        Following removal to this Court, Defendants filed a Rule 12(b)(6) motion to dismiss and
9   Intervenors filed a motion to expunge lis pendens.  Both motions were originally scheduled for
10  hearing on November 10, 2009, thus requiring Plaintiffs to file their oppositions by the October 20,
11  2009.  Civ. L.R. 7-3.  No oppositions were filed.

12       On October 27, 2009, the Court issued an Order in which it noted that lack of any
13  opposition having been filed in response to the motions.  Though it could have granted the motions
14  as unopposed, the Court, in consideration of less drastic alternatives to dismissal, afforded
15  Plaintiffs a further opportunity to respond to the motions.  Reiterating the Court's Standing Orders,
16  the Order stated:  "**Plaintiffs are warned that the failure to file their responses by November 2,**
17  **2009 and/or to comply with this Order or any other applicable procedural rules will result in**
18  **the granting of the pending motions and the dismissal of this action.**"  Docket 21 at 2
19  (emphasis in original). To date, the Court has received no response to the motions or any other
20  filings by Plaintiffs.

21  **II.**    <u>**DISCUSSION**</u>

22      **A.**    **MOTION TO DISMISS**

23       The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is
24  grounds for granting the motion.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995); <u>see</u>
25  Fed.R.Civ.P. 41(b).  In <u>Ghazali</u>, the Ninth Circuit held that in exercising its discretion to dismiss an
26  action for failing to comply with a district court's local rules, the court is "required to weigh
27  several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need
28  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

**1** disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting
**2** Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon
**3** balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is
**4** warranted.

**5** The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiffs were
**6** obligated to file their opposition to the pending motions October 20, 2009.  In violation of that rule,
**7** they failed to do so.  Nonetheless, the Court afforded Plaintiffs a further opportunity to respond and
**8** ordered them to do so by November 2, 2009.  Plaintiffs failed to comply with that order as well.  In
**9** addition, Plaintiffs violated the Court's Order of June 19, 2009, which directed them to file a joint
**10** case management statement in anticipation of the scheduled case management conference.
**11** (Docket 2.)  Plaintiffs' repeated failures to comport with Court's filing requirements undermine the
**12** Court's ability to move the case forward by entering a pretrial scheduling order or setting a trial
**13** date.  Such non-compliance inherently delays resolution of the case and insures to the detriment of
**14** the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the
**15** Court to manage its docket without being subject to routine noncompliance of litigants[.]");
**16** Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to
**17** control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-
**18** compliance with a court's order diverts "valuable time that [the court] could have devoted to other
**19** major and serious criminal and civil cases on its docket.").

**20** The third factor, the risk of prejudice to the defendants, is related to the strength of the
**21** plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have
**22** offered no "excuse" for their non-compliance, nor is any apparent from the record.  Since the filing
**23** of the motion to dismiss and motion to expunge lis pendens, the Court has received no submissions
**24** from Plaintiffs regarding those motions.  Plaintiffs simply have failed to provide any reason
**25** whatsoever for their failure to comply with the Court's Orders and none is apparent from the
**26** record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991;
**27** Ghazali, 46 F.3d. at 54.
**28**

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion. The Court also considered less drastic alternatives when it sua sponte afforded Plaintiffs an extension of time to file responses to the pending motions. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment."). Weighing the relevant factors, the Court exercises its discretion and grants Defendants' motion to dismiss.

### B.  MOTION TO EXPUNGE LIS PENDENS

Federal courts look to state law regarding in matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993) (citing Cal.Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment ... Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Associates, LLC v. Superior Court of Los Angeles, 75 Cal.App.4th 952, 966-67 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal.Code Civ. Pro. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, id.

§ 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, id. § 405.32.  See Hunting World, Inc. v. Superior Court of San Francisco, 22 Cal.App.4th 67, 70-71 (1994).  Here, Plaintiffs consented to the expungement of the lis pendens by failing to oppose Intervenors' motion.  In addition, Plaintiffs have failed to demonstrate the probably validity of any real property claim, to the extent that any have been alleged.  The Court will therefore grant Intervenors' unopposed motion to expunge lis pendens.

## III.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED.

2. Intervenors' motion to expunge lis pendens is GRANTED.

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: November 12, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge